UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P264-H

WILLIAM WALKER                                                                                      PLAINTIFF

v.

JOHN MINTON *et al.*                                                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff William Walker filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

## I.  BACKGROUND AND SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner currently incarcerated in the Kentucky State Reformatory ("KSR"). He sues four Defendants in their individual and official capacities. Defendant John Minton is a Kentucky Court of Appeals Judge; Defendant Larry Chandler is Warden of KSR; Defendant Karen Conrad is an Oldham County Circuit Court Judge; and Defendant Patty Webb is Warden of the Green River Correctional Complex.

According to Plaintiff, in February 1975, he was convicted of involuntary manslaughter in the first degree in the Jefferson Circuit Court and sentenced to ten years incarceration. Plaintiff claims that on direct appeal, the Kentucky Supreme Court, in a 1976 opinion, affirmed the conviction and "promulgated [a] special rule of evidence . . . [by] determin[ing] that it was not disposed to re-examine this rule in the context of the Old Penal Statutes." Plaintiff claims that "The Special Rule of Evidence . . . has caused [him] injury and loss on account of it's use by other State Courts which deprives them of personal jurisdiction over [him] and impairs the judicial Function of the Trial and Appellate Courts by denying [him] his due process right to be heard."

Plaintiff alleges that in 1998 Defendant Judge Minton presided over a criminal action against Plaintiff in Warren Circuit Court. Plaintiff claims, "being bound by the conclusive effect of the 1976 Opinion of the Kentucky Supreme Court, [Judge Minton] applied the Special rule of evidence to govern the proceedings [] denying Walker the opportunity to be heard in violation of the due process clause of the Fourteenth Amendment which operated to deprive John Minton personal jurisdiction over the defendant [] to hear, try or determine the case against him." He continues that Judge Minton "falsely assumed an authority he did not possess, and entered a null and void judgment of conviction against Walker without due process [] and in absence of all jurisdiction, and ordered Walker committed into the custody of the Kentucky Dept. of Corrections." According to Plaintiff, "[t]his deprived [him] of his liberty interest without due process . . . because the null and void judgment can not be the legal cause of his imprisonment." He further claims that Defendants Webb and Chandler are "liable For False imprisonment."

Plaintiff additionally reports filing a state habeas corpus action in the Oldham Circuit Court. Defendant Judge Conrad dismissed the action and fined Plaintiff $1,000 "after she applied The special rule of evidence to deny Walker the opportunity to be heard which deprived her of personal jurisdiction in the case rendering her Order null and void." By Order entered July 27, 2005, Judge Conrad directed Warden Webb to deduct the $1,000 fine from Plaintiff's prison account. Warden Webb complied. These Defendants, argues Plaintiff, deprived him of his property interest without due process of law because Defendant Judge Conrad acted in absence of jurisdiction.

Plaintiff further claims that Defendant Judges Minton and Conrad violated the Americans with Disabilities Act, Title II, when they "by reason of Walker's disability (Chronic Paranoid

2

Schizophrenia) excluded him From participating in The coram non judice proceedings and subjected him to discrimination because of his legal disability caused by The Special Rule."

As relief, Plaintiff seeks a declaratory judgment stating (1) that the Fourteenth Amendment "bars application of The Special Rule of Evidence in subsequent actions involving [] Walker, The Commonwealth of Kentucky and Their privies"; (2) that the "judgment of conviction and order of commitment was rendered by [] Minton without due process of law and without jurisdiction"; (3) that Judge Conrad's order (directing $1,000 be deducted from Plaintiff prison account) was reached without due process and without jurisdiction; (4) that the application of the special rule by Judges Minton and Conrad deprived them of jurisdiction and rendered their judgments null and void; (5) that Warden Webb's deduction of $1,000 from Plaintiff's prison trust account deprived him of his property without due process of law; and (6) that Wardens Webb's and Chandler's physical restraint of Plaintiff was/is unlawful.  Plaintiff additionally requests (1) a return of his $1,000; (2) compensatory damages in the amount of $50 million dollars against Defendants Minton, Webb, and Chandler "for the physical restrain[t] of [his] liberty and the injuries caused by his confinement"; (3) $20,000 against Defendants Conrad and Webb for their denial of due process in connection with the wrongful taking of the $1,000; and (4) punitive damages in the amount of $5 million against Defendants Million, Webb, and Chandler and in the amount of $2,000 against Conrad and Webb.

## II. **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, this Court must review the instant action.  28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this Court must dismiss "the complaint, or

3

any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  ANALYSIS

**A.  1976 Opinion**

Plaintiff first asks this Court to hold that the Fourteenth Amendment "bars application of The Special Rule of Evidence in subsequent actions involving [] Walker, The Commonwealth of Kentucky and Their privies." Any challenge to the 1976 Kentucky Supreme Court Opinion is time barred by the applicable one-year statute of limitations. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (concluding that § 1983 actions in Kentucky are limited by the one-year statute of limitations found in KY. REV. STAT. ANN. § 413.140(1)(a)). Although Plaintiff argues that his "civil disability caused by The special rule Tolls The running of The Statute of Limitation," that argument is meritless and without support. His alleged "civil disability" is not

4

the type of disability contemplated under KY. REV. STAT. ANN. § 413.170,[1] and while he alleges that he has paranoid schizophrenia, he neither alleges that the schizophrenia is a basis for tolling nor alleges that it renders him of unsound mind. As tolling is not appropriate, any challenge to the 1976 opinion must be dismissed.

**B. Judge Conrad's Order**

Second, Plaintiff requests that this Court find that Judge Conrad's order directing $1,000 be deducted from Plaintiff prison account was reached without due process and without jurisdiction and is thus "null and void." Plaintiff's challenge to Judge Conrad's sanction order is barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1199 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). The Court is therefore prohibited from reviewing Judge Conrad's state court sanction order. *See Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine [] appl[ies] to interlocutory orders and to orders of lower state courts.").

---

[1] Under § 413.170, "If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued."

The Court is further prohibited from reviewing Plaintiff's challenge to Warden Webb's deduction of the $1,000 from his prison trust account. To explain, "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Abbott v. Michigan*, -- F.3d -- , 2007 WL 135953, at *3 (6th Cir. Jan. 22, 2007); *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) ("The key point is that the source of the injury must be from the state court judgment itself."). In the present case, the source of Plaintiff's injury – the deduction of $1,000 from his prison account – is Judge Conrad's state court sanction order. *See McCormick*, 451 F.3d at 394. ("[I]f a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself.").

Because this Court is prohibited from reviewing Judge Conrad's order and Warden Webb's deduction from Plaintiff's prison trust account, Plaintiff's due process claims against those Defendants must be dismissed.[2]

## C. Judge Minton's Judgment

Second, Plaintiff asks the Court to find that the "judgment of conviction and order of commitment was rendered by [] Minton without due process of law and without jurisdiction"

---

[2]Alternatively, any due process claim for the unauthorized, intentional deprivation of his property lacks merit because he fails to allege that his state post-deprivation remedies are inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Furthermore, the claims for damages against Judge Conrad (and Judge Minton for that matter) are barred by the doctrine of absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). While "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction," *see id.*, "[a] judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction." *Marshall v. Bowles*, 92 Fed. Appx. 283, 285 (6th Cir. 2004). Although Plaintiff claims that Judges Minton and Conrad acted without jurisdiction, he claims that they acted without jurisdiction because of the 1976 Supreme Court "special rule of evidence," not because they lacked subject matter jurisdiction of the matters over which they presided, *i.e.* criminal and habeas actions, respectively.

rendering his conviction "null and void" and causing Defendants Chandler and Webb to illegally restrain him in physical custody. Plaintiff's challenge to his allegedly illegal conviction and confinement is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A holding that Judge Minton's judgment of conviction is "null and void" would clearly render Plaintiff's conviction invalid. Because nothing in the complaint demonstrates that Plaintiff's conviction and corresponding confinement have been declared invalid or otherwise impugned as set forth in *Heck*, his § 1983 claims against Judge Minton and his physical custodians, Wardens Webb and Chandler, must be dismissed. Further, to the extent Plaintiff seeks immediate or speedier release from incarceration, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**D. Americans with Disabilities Act**

Finally, Plaintiff claims that Defendants Minton and Conrad violated the Americans with Disabilities Act, Title II, when they "by reason of Walker's disability (Chronic Paranoid Schizophrenia) excluded him From participating in The coram non judice proceedings[3] and subjected him to discrimination because of his legal disability caused by The Special Rule." This

---

[3] "[T]he phrase *coram non judice*, 'before a person not a judge' -- mean[s], in effect, that the proceeding in question was not a *judicial* proceeding because lawful judicial authority was not present, and could therefore not yield a *judgment*." *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 608-09 (1990).

7

vague claim lacks the specificity required to place Defendants Minton and Conrad on notice as to the claim against them. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff fails to advise from which proceedings he was excluded, when the exclusion occurred, or any circumstances surrounding the exclusion. It is even unclear whether he is claiming exclusion based on his mental condition or on "his legal disability caused by The Special Rule." Accordingly, Plaintiff's broad and conclusory ADA claim must be dismissed.

      The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
          Counsel of Record
4412.005